**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

**IN ADMIRALTY**

IN THE MATTER OF THE
COMPLAINT OF EVERGLADES
ISLAND BOAT TOURS, LLC,
as owner of the 2005 20' Airboat,            Case No.2:13-cv-001-FtM-UA-SPC
with Hull  identification No. FLZBG740C505
for exoneration from or limitation of liability

                    Petitioner,
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Petitioner, Everglades Island Boat Tours, LLC's Ad Interim Stipulation for Value and Stipulation for Costs (Doc. #2) filed on January 2, 2013.

## FACTS

The Petitioner filed its Complaint on January 2, 2013, for exoneration from or limitation of liability, pursuant to 46 U.S.C. §181 *et seq.* and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, for any damages or injuries caused by or resulting from an accident of the 2005 20' Airboat, with Hull Identification No. FLZBG740C505.  The Petitioner operates sightseeing airboat tours in the Florida everglades and has its principal place of business in Everglades City, Collier County, Florida.  The Petitioner is the sole owner of the 2005 20' Airboat, with Hull Identification No. FLZBG740C505 (Vessel), at issue in this case.

On November 25, 2011, the Petitioner was operating the Vessel in the navigable waters of Collier County, Florida while engaging in the business of sightseeing airboat tours. Dianne Sweeny was a passenger on the Vessel being operated by Jearl Brown, Jr. when she claims to have been injured. The Petitioner states that the accident that led to the alleged injury of Sweeny was caused without its knowledge or privity. The Petitioner further maintains it does not know the total amount of all of the claims that may be made for personal injury resulting from the accident.

The Petitioner had the Vessel appraised at $18,000.00. (Affidavit of Value, Doc. # 3). In addition to the appraised value of the Vessel, the Petitioner offers to deposit the interest on Vessel's value in the Court's registry. The Petitioner calculates the interest rate at six percent (6%) per annum for two years for a total of $2,160.00. At this time, the Petitioner states there are no demands, unsatisfied liens or claims against the Vessel nor any lawsuits against it arising out of the accident.

## DISCUSSION

Without admitting and denying any liability, the Petitioner petitions the Court for the benefits of the limitation of liability set forth in 46 U.S.C. § 181 *et seq*. and related supplemental statues limiting its liability for any and all damages and injuries caused by the November 25, 2011 accident to the value of the Vessel.

The Limitation of Shipowners' Liability Act limits the liability of a shipowner for any loss incurred without the knowledge or privity of the owner, to the value of the vessel and its freight. 46 U.S.C. § 30511. Pursuant to the statute, upon the shipowner's filing of the petition and his tender of a bond, the district court *must* enjoin all other proceedings against the shipowner involving issues arising out of the subject matter of the limitation action. 46 U.S.C. § 30511(c)

(emphasis added). "Under the Limitation of Liability Act and the Supplemental Rules, a federal district court stays all related claims against a shipowner pending in any forum, and requires all claimants to assert their claims in the limitation court. In re the Complaint of Paradise Parasail, Inc., 2011 WL 3897859 *1 (M.D. Fla. June 27, 2011). This accords with the federal courts' exclusive jurisdiction of suits brought in maritime." Id. (*citing* In the Matter of the Complaint of Santa Fe Cruz, Inc., 535 F.Supp.2d 853, 857–58 (S.D.Tex.2007) (internal citations omitted)). An injunction is expressly authorized by the Limitation Act and thus may issue against state-court proceedings despite the usual ban of the Anti–Injunction Act (28 U.S.C. § 2283). In re the Complaint of Paradise Parasail, Inc., 2011 WL 3897859 at *1 (*citing* Beal v. Waltz, 309 F.2d 721, 724 (5th Cir.1962)).

In accord with the Limitation of Shipowners' Liability Act, the Petitioner claims no knowledge of the accident nor was the Petitioner in privity at the time of the accident when the alleged injury occurred. The Petitioner has agreed to deposit with the Court as security for the benefit of claimants, an Ad Interim Stipulation for Value, with surety, not less than equal to the amount or value of its interest in the said vessel in the sum of $18,000.00 with interest at six percent (6%) per annum for two (2) years in the sum of $2,160.00 for a total of $20,160.00. The Petitioner states that said surety will be executed by International Fidelity Insurance Company.

Based upon the Petition, the Court respectfully recommends that the Petitioner has met the requirements of 46 U.S.C. §181 *et seq.* and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and an ad interim stipulation for value should be entered on its behalf. As such, the Court finds good cause to recommend that the Motion for Ad Interim Stipulation for Value and Stipulation for Costs should be granted.

Accordingly it is now

**RECOMMENDED**:

The Petitioner, Everglades Island Boat Tours, LLC's Ad Interim Stipulation for Value and Stipulation for Costs (Doc. #2) should be **GRANTED**. It is further respectfully recommended:

1. The above-described Ad Interim Stipulation for Value, with surety, to be deposited by the Petitioner with the Court for the benefits of claimants, in the sum of $18,000.00 with interest as aforesaid, as security for the amount or value of the Petitioner's interest in the aforesaid vessel and should be approved.

2. Petitioner and any Claimant who may properly become a party hereto may contest the amount of value of Petitioner's interest in the Vessel as fixed in said Ad Interim Stipulation, subject to such increases or decreases in the amount of such Stipulation, together with adequate security, as the Court may from time to time order according to the rules and practices of this Court may adjudge.

3. The Court, upon motion, should cause due appraisement of such value and may thereupon order the said security increased or reduced if it finds the amount thereof insufficient or excessive; and, upon demand, the Court may similarly order such increase or reduction if it finds that such an order is necessary to carry out the provisions of 46 U.S.C. §183, as amended, in respect of loss of life or bodily injury.

4. If the amount of the Ad Interim Stipulation is not contested by any Claimant herein, said Stipulation should stand as a Stipulation for Value and an appraisal by a Commissioner will not be required.

5.      A notice should be issued by the Clerk of this Court to all persons asserting claims with respect to which the complaint seeks limitation admonishing them to file their respective claims with the Clerk of this Court in writing, and to serve on the attorney for the Petitioner a copy thereof **within thirty (30) days of the last published Notice of the Court's Order in the Naples Daily News** or be defaulted, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability he shall file and serve on attorneys for Petitioner an answer to the Complaint on or before the said date, unless his claim has included an answer to the complaint, so designated, or be defaulted.

6.      The aforesaid notice should be published in the "Naples Daily News", once a week for four successive weeks prior to the date fixed for the filing of claims, as provided by the aforesaid Rule F; and copies of the notice shall also be mailed in accordance with the said Rule F.

7.      The further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions, or proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against the Petitioner, as aforesaid, or against the 2005 20' Airboat, with Hull Identification No. FLZBG740C505, or against any property of the Petitioners except in this action, to recover damages for or in respect of any damages or injuries caused by or resulting from the accident of the aforesaid vessel as alleged in the Complaint, should hereby be restrained, stayed, and enjoined until the hearing and determination of this action.

8. Service of the order as a restraining order may be made through the Post Office by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys, or alternatively by hand.

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** in Fort Myers, Florida this 9th day of January, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record